```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

DAVID PAPAZONI,                    :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :    Case No. 1:15-cv-56
                                   :
PETER SHUMLIN,                     :
Governor of Vermont,               :
                                   :
        Defendant.                 :

<u>OPINION AND ORDER</u>
(Doc. 1)

Plaintiff David Papazoni, appearing pro se, brings this action against Peter Shumlin, Governor of the State of Vermont. Pending before the Court is Papazoni's Motion to Proceed In Forma Pauperis ("IFP"). (Doc. 1.) Papazoni has submitted an affidavit that satisfies the requirements of 28 U.S.C. § 1915(a) for IFP status. Accordingly, the request to proceed IFP is GRANTED. However, for the reasons set forth below, this matter is DISMISSED.

<u>DISCUSSION</u>

Papazoni alleges Governor Shumlin is liable for the conduct of several state agencies, as well as unnamed state employees, for "fraud[], abuse[] and discriminat[ion]" related to Papazoni's social security, medical records, and health. (Doc. 1-2 at 1.) Further, he claims he "is being wrongfully evicted." <u>Id</u>.

Filings by self-represented parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations marks and citations omitted). However, a district court may dismiss a case seeking in forma pauperis status if it determines that the complaint ". . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

The district court also has inherent authority to dismiss a case that presents no meritorious issue. Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (court has "inherent authority" to dismiss petition that presents "no arguably meritorious issue"). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Papazoni's proposed Complaint fails to state a claim on which relief can be granted because his claims are barred by the doctrine of res judicata. The doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)

(internal quotation marks and citation omitted). The district court applies federal law to determine the preclusive effect of a federal judgment. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). In the Second Circuit, res judicata bars subsequent claims where the Court determines the matter was previously decided by: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." NML Capital, Ltd. v. Banco Central de la Republica Argentina, 652 F.3d 172, 184-85 (2d Cir. 2011).

Here, two previous matters brought by Papazoni in this Court bar the present action against Governor Shumlin. See Papazoni v. State of Vt., No. 5:12-cv-01, ECF No. 22, slip op. at 4 (D. Vt. May 9, 2013), appeal dismissed, No. 13-2281, ECF No. 16, slip op. (2d Cir. Aug. 21, 2013), and Papazoni v. Shumlin, No. 2:13-cv-258, 2014 WL 1491135, at *1-2 (D. Vt. Apr. 15, 2014). Both cases involved the same causes of action, and this Court dismissed all claims against Governor Shumlin on the merits.

The first case alleged Governor Shumlin participated in "Abuses, Frauds, and Discriminations" in the form of an improperly recorded social security number and the denial of access to medications through the Medicaid D prescription drug program, among other claims. Papazoni v. State of Vermont, No. 5:12-cv-01, ECF No. 22 slip op. at 2 (D. Vt. May 9, 2013), appeal dismissed, No. 13-2281, ECF No. 16, slip op. (2d Cir. Aug. 21,

3

2013). Chief Judge Reiss considered the possibility that Papazoni intended to bring claims against Governor Shumlin in his individual capacity, and concluded that he failed to allege facts connecting Governor Shumlin to an ongoing violation of federal law which might merit prospective injunctive relief, including "reasonable accommodations," under the Ex Parte Young doctrine. Id. at 8, 9. After granting leave to file an amended complaint on two separate occasions, all claims against Governor Shumlin were dismissed.

In the second case, Judge William K. Sessions, III dismissed similar claims against Governor Shumlin on res judicata grounds, once again alleging "Abuses, Frauds, and Discriminations." Papazoni v. Shumlin, No. 2:13-cv-258, 2014 WL 1491135, at *1-2 (D. Vt. Apr. 15, 2014).

The facts alleged in the proposed Complaint are virtually identical to those alleged in the two previous cases. Because both cases were dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, those judgments bar Papazoni from bringing his present claims. See Federated Dep't Stores v. Moitie, 452 U.S. 394, 399, n.3 (1981) (dismissal for failure to state a claim under Rule 12(b)(6) operates as a "judgment on the merits"); see also Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009).

To the extent Papazoni's allegation regarding a pending eviction involves a new claim that he could not have brought

4

against Governor Shumlin in the first two instances, the proposed Complaint lacks sufficient facts to state a plausible claim for relief, as required by Twombly and Iqbal. The Court need not infer unconstitutional conduct without sufficient factual detail to render the claim facially plausible. Iqbal, 556 U.S. at 686 ("[c]onclusory statements without reference to . . . []factual context" do not satisfy Rule 8(a) pleading standard). Furthermore, "[i]t is well settled that a defendant's personal involvement is a prerequisite for the assessment of damages in a § 1983 action . . . and that the doctrine of respondeat superior is inapplicable to § 1983 claims." Pugliese v. Cuomo, 911 F. Supp. 58, 61 (N.D.N.Y. 1996) (citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) and Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Papazoni does not allege any facts to allow the Court to plausibly infer that Governor Shumlin was personally involved or otherwise responsible for any of the wrongdoing alleged.

Therefore, because the proposed Complaint fails to state a claim on which relief can be granted, all claims are DISMISSED.

Generally, a pro se litigant is afforded an opportunity to amend his or her pleading prior to dismissal "unless the court can rule out the possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks and citation omitted). Because Papazoni's claims might

5

conceivably be brought against a different defendant (or defendants) other than Governor Shumlin, the Court GRANTS Papazoni leave to file an Amended Complaint.

## Conclusion

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B), Papazoni's Motion to Proceed IFP (Doc. 1) is GRANTED, and all claims are DISMISSED.

Further, Papazoni is GRANTED leave to file an Amended Complaint, consistent with this Opinion and Order, within thirty (30) days. Any amended filing shall be entitled "Amended Complaint" and must allege all claims and name all defendants Papazoni intends to include, as the Amended Complaint will supersede the original proposed Complaint in all respects. Failure to file an Amended Complaint on or before May 22, 2015 will result in dismissal of this case.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of April, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge