UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 NOV 17 AM 9: 29

CLERK
BY_____
DEPUTY CLERK

DAVID PAPAZONI,                         )
                                        )
    Plaintiff,                          )
                                        )
        v.                              )        Case No. 5:15-cv-00056
                                        )
PETER SHUMLIN,                          )
Governor of Vermont,                    )
                                        )
    Defendant.                          )

**OPINION AND ORDER RE:**
**DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR**
**CONTINUANCE OF TRIAL**
**(Docs. 8, 10)**

*Pro se* Plaintiff, David Papazoni, brings this action against Peter Shumlin, Governor of

Vermont, in his official capacity.  Now pending before the court is Governor Shumlin's Motion

to Dismiss and Mr. Papazoni's Motion for Continuance of Trial.  (Docs. 8, 10.)  For the reasons

that follow, Governor Shumlin's Motion to Dismiss (Doc. 8) is GRANTED, and Mr. Papazoni's

Motion for Continuance of Trial (Doc. 10) is DENIED as moot.

**I.      Background**

Mr. Papazoni filed an application to proceed *in forma pauperis* on March 19, 2015.  On

April 22, 2015, his Complaint was filed, alleging that Governor Shumlin was liable for the

conduct of several state agencies, as well as unnamed state employees, who committed "fraud[],

[a]buse[] and discriminat[ion]" relating to Mr. Papazoni's "Social Security [number], [m]edical

records, and [h]ealth."  (Doc. 4.)  District Judge J. Garvan Murtha granted Mr. Papazoni's

request to proceed *in forma pauperis*, but dismissed his Complaint (Doc. 4), holding that Mr.

Papazoni's claims were barred by the doctrine of res judicata, or claim preclusion, as he had filed

two previous actions against Governor Shumlin in this court based on the same factual

allegations.  (Doc. 3.)  The first suit was dismissed on the merits for failure to state a claim, *see*

1

*Papazoni v. State of Vt.*, No. 5:12-cv-01, ECF No. 22, slip op. at 4-8 (D. Vt. May 9, 2013), *appeal dismissed*, No. 13-2281, ECF No. 26, slip op. (2d Cir. Aug. 21, 2013), and the second was dismissed on the basis of res judicata. *See Papazoni v. Shumlin*, No. 2:13-cv-258, 2014 WL 1491135, at *1-2 (D. Vt. Apr. 15, 2014). The court also noted that Mr. Papazoni's Complaint failed to allege "any facts to allow the [c]ourt to plausibly infer that Governor Shumlin was personally involved or otherwise responsible for any of the wrongdoing alleged." (Doc. 3 at 5.) However, the court granted leave to amend because Mr. Papazoni's claims could "conceivably be brought against a different defendant . . . ." (Doc. 3 at 5-6.)[1]

On May 21, 2015, Mr. Papazoni timely filed an Amended Complaint against Governor Shumlin "and [counsel]," requesting "tort action [to] order Defend[a]nts [to] comply with this court." (Doc. 5 at 1-2.) He also seeks mileage reimbursement arising out of a proceeding with the Vermont Human Services Board. Finally, he requests that the defendants "address the abuse, [f]raud, discrimination and [i]den[t]ity theft [that] the plaintiff needs to correct." (*Id.* at 2.)

## II.    Analysis

Governor Shumlin moves to dismiss Mr. Papazoni's Amended Complaint for failure to state a claim for which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Governor argues that Mr. Papazoni's Amended Complaint "does not cure the deficiencies identified by the [c]ourt in its prior order" and does not assert a claim upon which relief may be granted. (Doc. 8 at 1.)

### A.    Standard of Review

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not "akin to a 'probability requirement,' but it asks for more than a

---

[1] Mr. Papazoni also claimed wrongful eviction, but the court held that he had not alleged sufficient facts to state a plausible claim for relief. (Doc. 3 at 4-5.) Mr. Papazoni does not reassert this claim in his Amended Complaint.

sheer possibility that a defendant has acted unlawfully." *Id.* Documents filed by a *pro se* litigant are "to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B.  Whether Mr. Papazoni Has Stated A Claim On Which Relief Can Be Granted

As an initial matter, the court notes that the previous order of this court only granted Mr. Papazoni leave to file claims against a defendant *other* than Governor Shumlin. (Doc. 3 at 5-6.) Mr. Papazoni's Amended Complaint continues to seek relief exclusively from the Governor and could be dismissed on this ground alone.[2] However, given our responsibility to liberally construe documents filed by *pro se* litigants, the court will briefly consider the claims alleged.

The claims alleged in the Amended Complaint continue to be barred by res judicata. "[A] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). The district court applies "federal law in determining the preclusive effect of a federal judgment." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In the Second Circuit, res judicata bars subsequent claims where the court determines the matter was previously decided by: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties . . . , and (4) involving the same cause of action." *In re Adelphia Recovery Tr.*, 634 F.3d 678, 694 (2d Cir. 2011) (internal citation omitted).

---

[2] The Amended Complaint lists the defendants as "Peter Shumlin Governor [of the] State of Vermont and console." (Doc. 5 at 1.) To the extent that Mr. Papazoni intended to also bring suit against the Vermont Attorney General's Office by filing his Amended Complaint against Governor Shumlin "and console," or counsel, he has failed to allege that the Attorney General himself or any employee of the Attorney General's Office violated federal law or was personally involved in depriving Mr. Papazoni of any rights. *See Carvel v. Cuomo*, 357 F. App'x 382, 383-84 (2d Cir. 2009); *Dutkiewicz v. Hyjek*, 135 F. App'x 482, 483 (2d Cir. 2005). Moreover, while the body of the Amended Complaint states that Mr. Papazoni has "requested [a]ppeals" with "H.U.D." and individuals associated with the Vermont State Housing Authority, the Vermont Human Services Board, and the Attorney General's office (Doc. 5 at 1-2), unlike in previous cases in which Mr. Papazoni filed suit against multiple defendants, *see Papazoni*, 2014 WL 1491135, at *1, the only individual who has been named and served in this matter continues to be Governor Shumlin. (*See* Doc. 6.)

As noted by this court's previous order, two preceding cases bar the present action. In the first case, Mr. Papazoni alleged that Governor Shumlin had participated in "[a]buses, [f]rauds, and [d]iscriminations" in the form of an improperly recorded Social Security number and the denial of access to medications, among other claims. *See Papazoni*, No. 5:12-cv-01, ECF No. 15 at 1-3. Having already granted Governor Shumlin's Motion to Dismiss on the basis of Eleventh Amendment immunity and having granted Mr. Papazoni leave to file an amended complaint on two separate occasions, Chief Judge Christina Reiss considered the possibility that Mr. Papazoni intended to bring claims against Governor Shumlin in his individual capacity. The court concluded that Mr. Papazoni failed to allege any facts to support such a claim. The court also held that Mr. Papazoni failed to allege facts connecting Governor Shumlin to an ongoing violation of federal law which might merit prospective injunctive relief under the *Ex Parte Young* exception to Eleventh Amendment immunity. All claims against Governor Shumlin were dismissed under Rule 12(b)(6). Thereafter, Mr. Papazoni brought another action against Governor Shumlin alleging similar claims of "abuse, fraud, and discrimination" which Judge William K. Sessions, III dismissed with prejudice, on res judicata grounds. *See Papazoni*, 2014 WL 1491135, at *1-2. Mr. Papazoni did not appeal that determination.

Here, the claims alleged in the Amended Complaint involve the same defendant and nearly identical causes of action as did the two earlier cases. As these claims have already been dismissed on their merits for failure to state a claim, *see Federated Dep't Stores*, 452 U.S. at 399 n.3 (dismissal for failure to state claim under Rule 12(b)(6) operates as "judgment on the merits" (quoting *Angel v. Bullington*, 330 U.S. 183, 190 (1947))) and on res judicata grounds, *see Haefner v. City of Lancaster, Pa.*, 566 F. Supp. 708, 710-11 (E.D. Pa. 1983) (previous judgment dismissing case on res judicata grounds has "same preclusive effect as the judgment upon which [the previous judgment] was predicated"), they are again barred.

The court, however, notes two issues in the Amended Complaint that were not directly addressed before. First, Mr. Papazoni seeks mileage reimbursement arising out of a proceeding with the Vermont Human Services Board. (Doc. 5 at 2.) He states that the "[d]efend[a]nt[']s mil[e]age does not cover [Mr. Papazoni's] needs" and the "defend[a]nts are aware [that Mr. Papazoni's] state case worker [is] in Rutland." (*Id.*) He therefore requests that the "[d]efend[a]nts cover all mil[e]age required." (*Id.*) First, in its current iteration, this allegation

lacks sufficient facts to state a plausible claim for relief. Moreover, it fails to articulate any connection between Governor Shumlin and this state proceeding, or any factual allegations specific to Governor Shumlin to suggest that he was personally involved or otherwise responsible for any alleged wrongdoing. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] § 1983." (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991))); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (respondeat superior is inapplicable to § 1983 claims).

Second, the Amended complaint not only alleges "abuse, [f]raud, [and] discrimination," but also "[i]den[t]ity theft." (Doc. 5 at 2.) No direct claims of identity theft were alleged in Mr. Papazoni's Second Amended Complaint considered by Chief Judge Reiss,[3] *see Papazoni*, No. 5:12-cv-01, ECF No. 15, or in his Complaint considered by Judge Sessions. *See* Papazoni, No. 2:13-cv-258, ECF No. 4. However, "identity theft" appears to be an element of Mr. Papazoni's previously asserted claims against the Governor. In his Second Amended Complaint before Chief Judge Reiss, Mr. Papazoni alleged that the defendant's use of an incorrect Social Security number violated his rights and requested that the defendant remedy this by "prov[ing] his [i]dentity." *See Papazoni*, No. 5:12-cv-01, ECF No. 15 at 1, 3. Subsequently, in his case before Judge Sessions, Mr. Papazoni alleged that Governor Shumlin was among a group of defendants that "use[d] [his] compr[o]mi[s]ed Social Security number," which amounted in "abuse, fraud, and discrimination against [Mr. Papazoni]." *See Papazoni*, 2014 WL 1491135, at *1.

Mr. Papazoni's Motion for Continuance of Trial in this case further makes clear that his claims of identity theft are associated with the abuse, fraud, and discrimination repeatedly alleged against Governor Shumlin. (*See* Doc. 10 at 1 ("the State of Vermont duplicat[ed] the Plaintiff[']s Social Security [n]umber creating [i]dentity [t[heft, [a]buses, [f]raud[,] and [d]iscrimination.")) Moreover, Mr. Papazoni does not allege any facts to allow the court to plausibly infer that Governor Shumlin was personally involved or otherwise responsible for any

---

[3] Mr. Papazoni did however assert allegations of identity theft in his original Complaint and First Amended Complaint before Chief Judge Reiss. *See Papazoni*, No. 5:12-cv-01, ECF No. 1, ECF No. 8 at 1-2.

wrongdoing associated with his claim of identity theft.  Accordingly, even absent res judicata, this allegation lacks sufficient facts to state a plausible claim for relief.

Finally, Mr. Papazoni requests that the court order Governor Shumlin to "comply with the decision" that Chief Judge Reiss "decided on." (Doc. 5 at 1.)  He alleges that Governor Shumlin has "not complied to fact findings and decision[s] of this [c]ourt." (*Id.*)  However, all of Mr. Papazoni's prior actions against Governor Shumlin have been dismissed and there are no existing judgments or orders for this court to enforce.

Generally, a *pro se* litigant is afforded an opportunity to amend his or her pleading prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).  Two previous decisions of this court have concluded that granting leave to amend with respect to Mr. Papazoni's claims against Governor Shumlin would be futile. *See Papazoni*, No. 5:12-cv-01, ECF No. 22, slip op. at 8-9; *Papazoni*, 2014 WL 1491135, at *4.  In the present action, Mr. Papazoni was granted such leave only to bring claims against a different defendant, but the Amended Complaint still asserts claims exclusively against Governor Shumlin.  In light of the court's previous efforts to alert Mr. Papazoni to the relevant legal issues and standards in this case, there is no reason to believe that a second amended pleading would cure the identified deficiencies.  Further leave to amend would be futile and is therefore unwarranted. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (not abuse of discretion to deny leave to amend "[w]here it appears that granting leave to amend is unlikely to be productive").

## III.   Conclusion

For the reasons stated above, Governor Shumlin's Motion to Dismiss is GRANTED and Mr. Papazoni's Motion for Continuance of Trial is DENIED as moot.

Dated at Rutland, in the District of Vermont, this 17th day of November, 2015.

_____

Geoffrey W. Crawford, Judge
United States District Court

6